IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff/Respondent, <br> vs. <br> CORNELIO MATA ESPINOZA, <br> Defendant/Petitioner. | No. CR 09-0103 CRB (PR) <br><br> ORDER REGARDING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

I.

Cornelio Mata Espinoza, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 claiming ineffective assistance of counsel on the grounds that counsel: (1) failed to have a Spanish interpreter present during plea discussions, and (2) failed to appeal. The government has filed a response.

II.

Espinoza pleaded guilty to one count of conspiracy to possess with intent to distribute controlled substances pursuant to a negotiated plea agreement. Under the agreement, all other counts would be dismissed and Espinoza would receive a sentence between 192 to 324 months in prison for the count to which he pleaded guilty. The court sentenced Espinoza to 250 months in prison.

Under the agreement, Espinoza also waived his right to appeal and his right to file a collateral attack, with the exception of a claim for ineffective assistance of counsel.

### III.

Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds that relief is warranted under § 2255, it must "'vacate and set the judgment aside'" and then do one of four things: "'discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.'" United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255).

### IV.

Espinoza claims ineffective assistance of counsel on the grounds that counsel: (1) failed to have a Spanish interpreter present during plea discussions, and (2) failed to appeal.

#### A.

The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent/knowing character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Although Espinoza does not challenge the advice of counsel to plead, his allegations that counsel failed to have a Spanish interpreter present during plea discussions suggest that the plea may not be voluntary and intelligent/knowing.

But a review of the record conclusively demonstrates that the claim is without merit. The record shows that Ms. Swaney, a certified Spanish interpreter, signed the plead agreement, certifying that she had translated it for Espinoza, that Espinoza had told her that he understood it, and that she believed that Espinoza's answer was true and correct. Docket # 90 at 10. The transcript of the plea hearing also makes clear that the court used the services of a Spanish interpreter during the plea colloquy. Docket # 316 at 3. There is no indication whatsoever that the plea the court found voluntary and intelligent/knowing after questioning Espinoza with the assistance of a Spanish interpreter was not. Cf. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (findings made by judge accepting plea constitute formidable barrier in subsequent collateral proceedings). Espinoza is not entitled to federal habeas relief on this claim.

B.

Espinoza alleges that after he was sentenced, he directed his attorney to file a notice of appeal, but his attorney did not do so. Espinoza's attorney denies receiving a directive to appeal.

The Ninth Circuit has made clear that it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005) (citing Preguero v. United States, 526 U.S. 23, 28 (1999); Rodriguez v. United States, 395 U.S. 327, 329-30 (1969)).

Where, as here, a defendant who has expressly waived his right to appeal has filed a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney failed to do so, the Ninth Circuit has instructed district courts that two things can happen. Id. at 1198. The district

court can hold an evidentiary hearing to decide whether the petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Id. Or, if the government does not object, the district court can vacate and reenter judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true. Id.

Needless to say, the second option is preferable to the court and should be preferable to the government as well. As the Ninth Circuit observed, getting the appeal Espinoza previously waived dismissed almost certainly will be less work than an evidentiary hearing. Id.

V.

Unless the government notifies the court in writing within five days of this order that it wishes to proceed with an evidentiary hearing, the court will select the second option and vacate and reenter judgment to allow the appeal to proceed.

SO ORDERED.

DATED: March 27, 2012

CHARLES R. BREYER
United States District Judge

4